## Case No. 7,708.

### KENNEDY v. WASHINGTON.

[3 Cranch, C. C. 595.] [1]

Circuit Court, District of Columbia. May Term, 1829.

#### MANDAMUS—MUNICIPAL OFFICERS.

A mandamus will not lie to the mayor, board of aldermen, and board of common council of the city of Washington, to compel them "to make such regulations as they may deem proper, prescribing the manner of erecting private wharves within the limits of the city of Washington."

[Cited in Potomac Steam-Boat Co. v. Upper Potomac Steam-Boat Co., 109 U. S. 694, 3 Sup. Ct. 459, and 4 Sup. Ct. 15.]

Mr. Coxe, in behalf of F. X. Kennedy, moved the court for a rule on the mayor, board of aldermen, and board of common council of the city of Washington, to show cause why a writ of mandamus should not issue to them, commanding them to make such regulations as they might deem proper, prescribing the manner of erecting private wharves within the limits of the city of Washington. This motion was supported by the affidavit of F. X. Kennedy, that he was the purchaser of lot No. 1, in the square No. 329, in that city; that he had applied to the corporate authorities of the city, for leave to build a wharf on that lot; and also for the direction of such commissioners as, by the by-laws of the corporation, the mayor is authorized to appoint, in regard to the plan and construction of the said wharf, which they have refused to give. By the Maryland act of 1791, c. 45, § 13, it is enacted, "that the commissioners aforesaid" (of the city of Washington, appointed under the act of congress of the 16th of July, 1790, § 2; 1 Stat. 130,) "for the time being, or any two of them, shall, from time to time, until the congress shall exercise the jurisdiction and government within the said territory, have power to license the building of wharves in the waters of the Potomac, and the eastern branch, adjoining the said city, of the materials, in the manner, and of the extent they may judge durable, convenient, and agreeing with general order; but no license shall be granted to one to build a wharf before the land of another, nor shall any wharf be built in the said waters, without license, as aforesaid; and if any wharf shall be built without such license, or different therefrom, the same is hereby declared a common nuisance." By the charter of the city of Washington, of the 15th of May, 1820, § 7, the corporation has power, among other things, "to preserve the navigation of the Potomac and Anacostia rivers, adjoining the city; to erect, repair, and regulate public wharves, and to deepen creeks, docks, and basins"; and "to regulate the manner of erecting, and the rates of wharfage at private wharves."

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Wallach, for the corporation, contended that the power given to the corporation was a power to be exercised or not at its discretion, and according to its discretion; in which case it has been decided that a mandamus will not lie. 2 Esp. N. P. 668.

Mr. Coxe, contra. The only discretion which the corporation has is how to do it, not whether they shall do it or not. It is their duty to regulate the manner in which the wharves shall be built. The proprietors cannot enjoy their rights until that is done; and although this court will not command them how they shall legislate upon the subject, yet it may compel them to legislate upon it. 5 Com. Dig. 31, "Police"; Rex v. St. Margaret's Parish, 4 Maule & S. 250; 1 Term R. 146. The right of wharfing is not settled by the common law, but is always a matter of police.

Mr. Jones, for the corporation, in reply, referred to the opinion of N. King (Burch, Dig. 351, 359, &c.) that it appertains to the courts of the several states, and of the United States, to determine upon these rights. The power of the commissioners, upon this subject, ceased to exist by its own limitation, by the assumption of jurisdiction by congress on the 27th of February, 1801 (2 Stat. 103); and the power given to the corporation, in relation to private wharves, is only to regulate the manner of erecting them, not to limit the extent of them, or to interfere with the rights of the owners of the land adjoining the river. But if they have the power under the charter, it is a power to be exercised by them or not, at their discretion. The corporation is a local legislature; and within the sphere of their legislative jurisdiction are as independent as any other legislature; but they cannot affect original rights derived from the original proprietors.

THE COURT refused to issue the mandamus, for the reasons stated in the argument of Mr. Jones and Mr. Wallach.